## STATE v. EARL OLSON.[1]

December 23, 1932.

No. 29,190.

*Robertson, Rerat & Fosseen,* for appellant.

*Neil M. Cronin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the state.

WILSON, C. J.

Defendant was convicted of the violation of a city ordinance making it an offense to have possession of intoxicating liquor for sale and appealed from an order denying his motion for a new trial.

The evidence is that defendant had in his residence five empty quart bottles, 13 empty half-pint bottles, 15 empty pint bottles, eight bottles of beer on ice, 14 empty beer bottles, one empty alcohol can, six empty ginger ale bottles, a pitcher with two ounces of moonshine whisky in the bottom, bottle of coloring labeled "caramel coloring," a jar of small-sized corks. In a shed on defendant's premises about 20 or 30 feet from the house were found one five-gallon jug of moonshine whisky, one five-gallon jug half full of moonshine whisky, and one gallon jug of moonshine. There is

[1]Reported in 246 N. W. 117.

evidence that defendant admitted that he owned the liquor, though he testified on the trial that it belonged to an unproduced man to whom he had rented the garage or building in which the liquor was found. He also testified that the corks were used "for our own bottles that we use ourselves."

We are of the opinion that the evidence is sufficient to support a finding that the defendant is guilty.

■ A policeman was called as a witness. He testified about finding the articles above mentioned, and when he said he found a bottle of coloring he was asked what kind of coloring and answered:

"I don't know what kind of coloring, it is caramel coloring, caramel coloring that they use for coloring moonshine."

Defendant's motion to strike the words "caramel coloring that they use for coloring moonshine" as being a conclusion of the witness was denied. The answer was a conclusion, and it should have been stricken. The substance of the answer is nil. The evidence does not show whether the purpose of coloring moonshine is to affect its potability or its salability. Why moonshine should be colored is in no way disclosed by the record. Under the circumstances it cannot be said that such a trivial error will support a reversal.

Affirmed.